# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TINA KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 12-1116-JWL |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Commissioner's evaluation and use of Plaintiff's "minimal amount of treatment" (R. 17), the court ORDERS that the decision below be REVERSED and that judgment be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING that decision for further proceedings.

**I.  Background**

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff applied for SSD benefits on July 21, 2009, alleging disability beginning January 12, 2009. (R. 14, 122-28). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 14, 55-56, 74-75). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Robert J. Burbank on January 20, 2011. (R. 14, 28-30). At the hearing, testimony was taken from Plaintiff, and although a vocational expert also appeared, she did not testify. (R. 14, 28-48). On February 18, 2011 ALJ Burbank issued a decision in which he found that Plaintiff has severe impairments of status post lumbar discectomy and obesity which prohibit her from performing her past relevant work as a mail sorter and limit her to performance of the full range of sedentary work. (R. 14-21). However, he found that when considering Plaintiff's age, education, work experience and residual functional capacity (RFC) there are a significant number of jobs in the economy which Plaintiff can perform, and that consequently she is not disabled within the meaning of the Act. (R. 21-22). Therefore, he denied her application for benefits. (R. 22). Plaintiff sought Appeals Council review, and submitted a Representative's Brief. (R. 6-10, 256-57). The Council found that the Representative's Brief does not provide a basis to change the ALJ's decision, and denied Plaintiff's request for review. (R. 1-5). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff seeks judicial review. (Doc. 1).

**II.     Legal Standard**

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. § 404.1520 (2010);[2] Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity

---

[2]Because the Commissioner's decision in this case was issued on February 18, 2011, all citations to the Code of Federal Regulations in this opinion refer to the 2010 edition of 20 C.F.R. Parts 400 to 499, revised as of April 1, 2010, unless otherwise indicated.

4

of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses the claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show there are jobs in the economy within Plaintiff's RFC. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ's credibility evaluation is erroneous because he used Plaintiff's failure to pursue treatment as a basis to find that she is not credible but failed to consider whether her lack of insurance and her financial status would justify the failure, and because the ALJ erred in weighing the medical opinions of Dr. Veloor, and of the state agency medical consultant who reviewed the record evidence. The Commissioner argues that the ALJ properly evaluated Plaintiff's credibility, and properly weighed the medical opinions, explaining the reasons for the weight given. Remand is necessary because the court finds that the ALJ failed to properly evaluate whether Plaintiff was

5

justified in failing to seek or to follow prescribed treatment. Therefore, the court need not consider whether the ALJ properly weighed the opinions of Dr. Veloor and the state agency medical consultant. Plaintiff may make her arguments in that regard to the Commissioner on remand.

## III. Failure to Seek or to Follow Prescribed Treatment.

Plaintiff argues that the law requires an ALJ to determine whether a claimant's inability to pay for medical treatment may justify her failure to pursue treatment or to follow prescribed treatment. (Pl. Br. 9) (citing (among others) Thompson v. Sullivan, 987 F.2d 1482, 1489-90 (10th Cir. 1993)). She then points to record evidence indicating that she had no medical insurance and did not pursue prescribed treatment because she could not afford it, and argues that the ALJ should have determined whether Plaintiff's actions were justified before he used the lack of medical treatment to support a finding that she was not credible. The Commissioner argues that Plaintiff cannot show an inability to afford treatment because she did not present any evidence that she "ever sought or was refused low- or no-cost medical treatment." (Comm'r Br. 6). She then argues that even if the ALJ should have considered Plaintiff's ability to pay for medical treatment, the remaining reasons provided by the ALJ are sufficient, by themselves, to justify the finding that Plaintiff's allegations of symptoms are not credible. Id.

As Plaintiff's brief suggests, "before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider '(1) whether the treatment at issue would restore claimant's ability

6

to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse.' " Thompson, 987 F.2d at 1490 (quoting Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987)) (hereinafter, the Frey test). The Frey test is applicable both where an ALJ is denying benefits, and where an ALJ is evaluating the credibility of the claimant's allegations. Goodwin v. Barnhart, 195 F. Supp. 2d 1293, 1295 (D. Kan. 2002) (citing Thompson, 987 F.2d at 1490; and Ragland v. Shalala, 992 F.2d 1056, 1059-60 (10th Cir. 1993)). But, the Tenth Circuit has held that the Frey test is not required in situations where treatment has not been prescribed or recommended, but where the ALJ is simply considering "what attempts plaintiff made to relieve [her symptoms] . . . in an effort to evaluate the veracity of plaintiff's contention that [her symptoms were] so severe as to be disabling." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000) (citing Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987)); see also Allen v. Apfel, No. 99-3249, 2000 WL 796081 (10th Cir. June 21, 2000); Billups v. Barnhart, 322 F. Supp. 2d 1220, 1226 (D. Kan. 2004). Therefore, the court must first determine what the ALJ was considering in this case.

The ALJ mentioned Plaintiff's "minimal amount of treatment" in the first paragraph explaining his finding that Plaintiff's allegations of symptoms are not credible: "The claimant alleges that she became unable to engage in full time employment since her alleged onset date of January 15, 2009. However, the claimant has received a minimal amount of treatment from this date through the present. This lack of treatment

during the relevant period significantly detracts from the credibility of the claimant's allegations." (R. 17). This statement, considered by itself, appears to confirm that the ALJ, as the ALJ in Qualls, was merely noting that Plaintiff had made very few attempts to relieve her symptoms, suggesting that the symptoms are not so severe as alleged.

However, the quoted statement is not by itself. Later, the ALJ noted that Dr. Veloor recommended that Plaintiff take physical therapy for her back pain a few times a week. (R. 18). He explained his consideration of this issue:

> The claimant reported she did not have insurance and did not want any additional testing or therapy done. . . . The claimant's refusal to undergo any further testing or physical therapy does not support her allegation regarding the severity of her back pain. There is no indication in the record that the claimant attempted to obtain low cost or no cost treatment.

Id. This explanation reveals the ALJ's determination that Plaintiff refused prescribed treatment, and his awareness that Plaintiff alleged she was unable to afford the treatment. This is the very situation presented in Frey, and in Thompson, where the court determined that the Frey test must be applied before the failure or refusal to follow prescribed treatment might be used in finding Plaintiff's allegations incredible.

This explanation also reveals that the ALJ was concerned whether the refusal to undergo physical therapy might be justified by an inability to afford the treatment, and that he determined it was not justified because there is no record evidence Plaintiff attempted to obtain no-cost or low-cost treatment alternatives. The ALJ's attempt to consider whether the refusal was justified misconstrues the burden of proof and the duty of the ALJ to develop the record in a Social Security case. To be sure the burden is on

8

Plaintiff to present her abilities and limitations and thereby to prove that she is unable to perform her past relevant work. However she is not required to present evidence discounting every alternative or eventuality upon which an ALJ might rely to discount her testimony. Rather, "because a social security disability hearing is a nonadversarial proceeding, the ALJ is responsible in every case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Madrid v. Barnhart, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted); see also, 20 C.F.R. § 404.944 (requiring the ALJ to "look[ ] fully into the issues"). The ALJ's "duty is one of inquiry, ensuring that the ALJ is informed about facts relevant to his decision and learns the claimant's own version of those facts." Cowan v. Astrue, 552 F.3d 1182, 1187 (10th Cir. 2008). As Plaintiff points out in her brief, she testified that she was unable to afford the treatment prescribed, and the medical records support that testimony. (Pl. Br. 10) (citing R. 40-41, 45, 446, 447, 473, 491). Moreover, the ALJ recognized Dr. Veloor's notation that "he could not do a complete investigation into the source of the claimant's pain because of her lack of insurance." (R. 19). However, the ALJ did not question Plaintiff with regard to this issue, and did not ask Plaintiff if she had attempted to seek low-cost or no-cost alternatives to the treatment prescribed. Therefore, to the extent that information is missing from the record, it is more a result of the ALJ's failure to develop the record rather than Plaintiffs failure to meet her burden of proof.

The ALJ also found that the objective medical evidence does not support Plaintiff's allegations, and explained that finding:

> The objective medical evidence does not support the claimant's allegation regarding the severity of her pain. The evidence shows that she underwent a discectomy in October 2007 that was successful. The evidence further shows that she did not consistently seek treatment for any pain after she underwent the surgery. In fact the claimant reported that she was doing well in July 2009, and she did not seek any additional treatment for her pain until April 2010. This lack of treatment during the relevant period significantly detracts from the credibility of the claimant's allegations.

(R. 20). This finding appears to be more in line with Qualls than with the situation presented in Frey or Thompson. Here, the ALJ is relying on the fact that Plaintiff did not consistently seek relief for her alleged pain symptoms between the time of her surgery in October 2007, and April 2010.

In his final consideration of Plaintiff's failure or refusal to follow prescribed treatment, the ALJ discounted the postural limitations opined by the state agency medical consultant and those opined by Dr. Veloor because the physicians' opinions regarding postural limitations are not consistent with Plaintiff not seeking regular treatment and are not consistent with her refusal to undergo physical therapy or additional testing. (R. 21). Because this use of Plaintiff's failure or refusal includes the ALJ's characterization of Plaintiff's actions as a refusal of prescribed treatment, and because it addresses the medical opinions in terms dependent on the ALJ's characterization of the actions, it appears to be more like the situations presented in Frey and Thompson than the situation presented in Qualls.

A significant portion of the ALJ's use of Plaintiff's failure or refusal to follow treatment casts Plaintiff's actions as a refusal to follow prescribed treatment rather than

just a failure to seek relief from her allegedly disabling symptoms. To that extent, the ALJ was required by Tenth Circuit law to apply the four-part test from Frey and Thompson before he may use Plaintiff's refusal to follow prescribed treatment to support his finding of incredibility. Although the decision reveals a failed attempt to apply the Frey test, the test wasn't applied properly, and remand is necessary for the ALJ to apply the test properly or to decline to use Plaintiff's failure or refusal in his credibility finding or in finding Plaintiff is not disabled.

The court will not attempt, as the Commissioner suggests, to determine whether the ALJ's credibility finding would be supported by substantial evidence if Plaintiff's failure or refusal to follow prescribed treatment were disregarded, because in these circumstances the Frey test constitutes an applicable legal standard which the ALJ failed to apply correctly. That failure alone is error requiring remand.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING for further proceedings consistent with this opinion.

Dated this 15th day of April 2013, at Kansas City, Kansas.

                                                  s:/ John W. Lungstrum
                                                  **John W. Lungstrum**
                                                  **United States District Judge**